**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KEITH ANDREW MITCHELL,
*Petitioner-Appellant*,

v.

ELVIN VALENZUELA, Warden,
*Respondent-Appellee*.

No. 12-55041

D.C. No.
2:08-cv-00562-
RGK-FFM

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
December 8, 2014—Pasadena, California

Filed July 1, 2015

Before: Harry Pregerson, Kim McLane Wardlaw,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Berzon

**SUMMARY**[*]

**Habeas Corpus**

Vacating the district court's judgment dismissing a habeas corpus petition and remanding, the panel held that a motion to stay and abey a 28 U.S.C. § 2254 habeas petition to permit exhaustion of some of the petitioner's claims in state court is generally (but not always) dispositive as to the unexhausted claims, and that a magistrate judge therefore generally cannot hear and determine such a motion, but rather must submit a report and recommendation to the district court.

The panel held that the magistrate judge's order in this case was effectively dispositive of the unexhausted claims and, therefore, beyond his authority.

**COUNSEL**

Sean Kennedy, Federal Public Defender, Michael David Weinstein (argued), Assistant Federal Public Defender, and Mark Raymond Drozdowski, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, California for Petitioner-Appellant.

Kamala Harris, Attorney General, Dane Gillette, Chief Assistant Attorney General, Lance Winters, Senior Assistant Attorney General, Michael Johnsen, Supervising Deputy Attorney General, Kim Aarons (argued) and Ana Duarte,

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Deputy Attorneys General, Office of the California Attorney General, Los Angeles, California for Respondent-Appellee.

## OPINION

BERZON, Circuit Judge:

A magistrate judge denied petitioner Keith Andrew Mitchell's motion to stay and abey his 28 U.S.C. § 2254 habeas corpus petition while he exhausted some of his claims in state court. We hold that, in the context of a section 2254 habeas petition, this type of motion is generally (but not always) dispositive as to the unexhausted claims. When it is dispositive, a magistrate judge is without authority to "hear and determine" such a motion, but rather must submit a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A)–(B).

I.

Keith Andrew Mitchell was convicted of first degree murder at a jury trial in California state court. He was sentenced to fifty years to life in prison. On direct appeal, Mitchell, represented by counsel, raised several claims challenging the trial court's jury instructions. The California Court of Appeal and California Supreme Court denied relief.

Proceeding *pro se*, Mitchell then filed his first federal habeas petition. The state moved to dismiss the petition for failure to exhaust some of the claims, and Mitchell voluntarily dismissed the petition without prejudice so he could exhaust his state remedies.

Still within the statute of limitations, 28 U.S.C. § 2244(d)(1), and proceeding *pro se*, Mitchell then filed a second federal habeas petition, at issue in this case, asserting five due process claims.  Three of the claims corresponded to the arguments he had presented to the California courts on direct appeal.  The other two claims, both relating to a gang sentencing enhancement, had been asserted in the first federal petition.  The new petition was referred to a magistrate judge, authorized by the district court "to consider preliminary matters and conduct all further hearings as may be appropriate or necessary," and thereafter to issue a report and recommendation to the judge.

The state once again moved to dismiss the petition, arguing that the two gang claims were not exhausted.  As a result, the state argued, the petition was "mixed," and the only proper resolutions were either to strike the unexhausted claims or to dismiss the entire petition.

Mitchell responded by filing a motion to stay the case to allow him to exhaust the two claims, citing *Rhines v. Weber*, 544 U.S. 269 (2005).  He represented that he had already filed state habeas petitions regarding the two claims, and that he had reasonably relied on his appointed attorney in the state proceedings to raise all of his potential claims on direct appeal.  The state opposed the motion, arguing that there was no evidence Mitchell actually had filed any state habeas petition.

The magistrate judge issued an order addressing both the motion to dismiss and the motion to stay.  Although Mitchell had not filed an opposition to the motion to dismiss, the magistrate judge concluded that Mitchell's motion to stay "impliedly concede[d] that at least one of his claims is

unexhausted." The magistrate judge also reviewed the record and concluded that the two gang claims had not been raised in the state direct appeals and that Mitchell had offered no proof that the alleged state habeas petitions had been filed. As a result, the magistrate judge concluded, the motion to dismiss was "well taken."

As for the motion to stay, the magistrate judge noted that *Rhines* requires a showing of good cause for the failure to exhaust claims in state court. He found that a stay would be "inappropriate" in this case, as Mitchell had dismissed his prior petition "specifically to exhaust his state remedies with respect to the two unexhausted claims" also asserted in the current petition, yet "took no action to exhaust those claims."

The magistrate judge then returned to the motion to dismiss, noting that, as a mixed petition not eligible for a stay under *Rhines*, the petition was "subject to dismissal." The magistrate judge granted Mitchell leave to amend his petition to remove the unexhausted claims and indicated that, if Mitchell declined to do so, the magistrate judge would "issue a recommendation that the Petition be dismissed without prejudice for failure to exhaust."

Mitchell did move to remove "all unexhausted claims" from his petition. The magistrate judge granted Mitchell's motion and denied the motion to dismiss as moot.

Subsequently, the magistrate judge issued a report and recommendation to the district judge regarding the pared-down petition. In discussing the case's procedural history, the magistrate judge noted that he had previously denied Mitchell's stay motion for lack of good cause, had granted Mitchell's motion to dismiss his unexhausted claims, and had

denied the state's motion to dismiss as moot. On the merits of the remaining three claims, the magistrate judge recommended that the court deny relief. Mitchell objected, also on the merits of the three exhausted claims.

After *de novo* review, the district court adopted the report and recommendation and dismissed the petition with prejudice. The district court did not address the denial of the stay motion at all. Mitchell timely appealed.

We granted a certificate of appealability, *see* 28 U.S.C. § 2253(c), as to "whether the magistrate judge exceeded his authority by issuing, without the parties' consent, orders denying appellant's motion for a stay and abeyance, dismissing two of appellant's claims, and denying as moot appellee's motion to dismiss."

II.

The authority of magistrate judges "is a question of law subject to *de novo* review." *United States v. Carr*, 18 F.3d 738, 740 (9th Cir. 1994).

"The power of federal magistrate judges is limited by 28 U.S.C. § 636." *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (citing *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992)); *see also Flam v. Flam*, — F.3d —, No. 12-17285, 2015 WL 3540771 at *2 (9th Cir. June 8, 2015). Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings. *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004). Dispositive matters are those listed in section 636(b)(1)(A), as well as "analogous" matters. *See Flam*, 2015 WL 3540771

at \*2; *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004); *accord PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001).[1] "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." *Flam*, 2015 WL 3540771 at \*2 (internal quotation marks and alteration omitted). As to any dispositive matter, the

---

[1] 28 U.S.C. § 636(b)(1) provides:

Notwithstanding any provision of law to the contrary–

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

magistrate judge is authorized, absent consent, only to issue a report and recommendation to the district judge, who in turn must undertake *de novo* review.**[2]**

Mitchell argues that the magistrate judge overstepped his authority by denying the motion to stay and abey his petition pending exhaustion.**[3]** We agree.

---

**[2]** The terms "dispositive" and "nondispositive" do not appear in section 636. They do appear in Fed. R. Civ. P. 72, which implements section 636. The notes to Rule 72 provide that at least subsection (b) of the Rule does not apply to habeas cases, and one case of this court has so held. *See Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1449 (9th Cir. 1989). Another Ninth Circuit opinion relies on Rule 72 in a habeas case. *See Hunt*, 384 F.3d at 1123–25.

For present purposes, it does not matter whether Rule 72 directly applies. The habeas rules provide for broad application of section 636. *See* Rule 10, Federal Rules Governing § 2254 Cases (2015). The "dispositive"/"nondispositive" terminology in Rule 72 reflects the statutory distinction drawn in section 636 between the two principal roles of magistrate judges. *See Flam*, 2015 WL 3540771 at \*2 (noting that "[t]he textual basis for the distinction between dispositive and non-dispositive motions is found in 28 U.S.C. § 636(b)(1)"). Before the current Rule 72 was promulgated, the Supreme Court, citing the legislative history of the Federal Magistrates Act, used the term "dispositive" in describing those motions a magistrate judge is precluded from hearing and determining under section 636. *See United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *id*. at 693 (Stewart, J., dissenting). Thus, the distinction derives from the statute and applies to habeas cases; Rule 72 simply implements the distinction for ordinary civil cases.

**[3]** The state argued for the first time at oral argument that Mitchell forfeited his right to appellate review of his contention that the magistrate judge acted beyond his authority by failing to object to the denial of the stay order before the district court. The state's briefs do mention that Mitchell did not appeal the denial of the stay to the district court, but only to argue that section 636 was "complied with," not to argue that the question whether the statute was complied with was forfeited. The state's

"[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (citing *Reynaga*, 971 F.2d at 416–17). By contrast, a motion to stay is nondispositive where it "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought." *Id.*

*CMKM Diamonds* fell into the latter, nondispositive category. In that case, a Securities and Exchange Commission civil enforcement action, one of the defendants moved to stay the civil proceedings until a related criminal case had concluded. *Id.* at 1251, 1254. A magistrate judge denied the motion, and we held the magistrate judge within his authority in doing so. *Id.* at 1260. The defendant had "simply speculated that he might have stronger evidence to support his position in the civil proceedings if he was able to go through the criminal proceedings first." *Id.* Such speculation, we held, was insufficient to establish that the denial of a stay would either "dispose of any claims or defenses" or "effectively deny him any ultimate relief sought." *Id.* The magistrate judge was therefore empowered to hear and determine the matter. *Id.*

---

forfeiture argument is therefore waived. *See Gallardo v. United States*, 755 F.3d 860, 865 (9th Cir. 2014); *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). In any event, as the issue is one purely of law, and concerns the appropriate exercise of federal judicial authority, even if the issue were forfeited, we would exercise our discretion to decide the scope of the magistrate judge's authority as to *Rhines* stays. *See Nguyen v. United States*, 539 U.S. 69, 77–81 (2003); *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012).

In so holding, *CMKM Diamonds* cited the rule established by our prior decision in *Reynaga*. The prisoner plaintiff in *Reynaga* filed a *pro se* lawsuit under 42 U.S.C. § 1983, alleging that the judge, district attorneys, and public defender involved in his state criminal case had denied him a fair trial. 971 F.2d at 415. The case was referred to a magistrate judge, who determined that the defendants were immune from money damages and that the injunction sought—namely early release from prison—could only be pursued through habeas corpus. *Id*. The magistrate judge thus ordered the action stayed until the plaintiff exhausted his state remedies and directed the clerk of court to administratively close the file. *Id*.

We concluded on appeal that it was "clear" that, absent consent, the magistrate judge's stay order "was beyond his authority." *Id*. at 416. Among other things, we said in support of our conclusion, "[t]he Magistrate's imposition of the stay effectively denied Reynaga's request for an injunction," and "the Magistrate's order was in essence an involuntary dismissal of Reynaga's action." *Id*. at 416–17. Both a motion for injunctive relief and a motion for involuntary dismissal are among the specifically enumerated dispositive matters listed in section 636(b)(1)(A). *Id*.

Taking *CMKM Diamonds* and *Reynaga* together, the dispositive question for us is whether the motion to stay and abey at issue here was effectively dispositive of a claim or defense or of the ultimate relief sought. *See Flam*, 2015 WL 3540771 at *2. As *Rhines v. Weber*, 544 U.S. 269 (2005), makes clear, the answer is "yes." Indeed, at oral argument the state conceded that the stay denial in this case "was tantamount to a dismissal" of the unexhausted claims, and

there was "no way" Mitchell would be able to return to federal court to assert those claims later.

Under *Rhines*, a section 2254 habeas petitioner may seek to stay and abey his petition while he exhausts his claims in state court. This procedure addresses the difficulties posed by the interaction of *Rose v. Lundy*, 455 U.S. 509 (1982), and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

*Lundy* held that district courts were required to dismiss without prejudice "mixed" section 2254 habeas petitions—that is, those including both exhausted and unexhausted claims. 455 U.S. at 510. As *Rhines* explained, *Lundy* held this "requirement of 'total exhaustion'" before a petition may proceed was required by "the interests of comity and federalism." *Rhines*, 544 U.S. at 273–74. Fourteen years later, Congress enacted AEDPA, which imposed a one-year statute of limitations for the filing of a federal habeas petition. While that limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review,' [28 U.S.C.] § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Id*. at 274–75.

Considering the implications of the enactment of AEDPA for the continued viability of the *Lundy* rule requiring dismissal of all mixed petitions, *Rhines* began from the recognition that "[i]f a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review." *Id*. at 275. *Rhines* therefore authorized a "'stay-and-abeyance' procedure," under which the district

court, "rather than dismiss the mixed petition," may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id*. Concerned that "[s]tay and abeyance, if employed too frequently, has the potential to undermine" AEDPA's purposes of reducing delay and requiring petitioners to exhaust state remedies before coming to federal court, *Rhines* instructed that "the district court should stay, rather than dismiss, the mixed petition," only "in limited circumstances," namely when three conditions are met: "[(1)] the petitioner had good cause for his failure to exhaust, [(2)] his unexhausted claims are potentially meritorious, and [(3)] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277–78.[4]

---

[4] Under this circuit's caselaw, a petitioner who has not exhausted all his potential federal habeas claims has another mechanism available to him to avoid the difficulties posed by the interaction of AEDPA's statute of limitations and *Lundy*'s rule—the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). The *Kelly* procedure permits "(1) a petitioner to amend his petition to delete any unexhausted claims; (2) the court in its discretion to stay and hold in abeyance the amended, fully exhausted petition, providing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner to return to federal court and amend[] his federal petition to include the newly-exhausted claims." *King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009). "[T]he *Kelly* procedure remains available after *Rhines*," and, unlike *Rhines*, "its availability is not premised upon a showing of good cause." *Id*. at 1140. As we explained in *King*, from the perspective of the petitioner, the downside of the *Kelly* procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed. *Id*. at 1140–41. Thus, compared to the *Rhines* procedure, "*Kelly* is not only a more cumbersome procedure for petitioners, but also a riskier one." *Id*. at 1140.

In light of *Rhines*, we conclude that a motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims. *Rhines* acknowledged "the gravity of th[e] problem" of the interaction of *Lundy*'s total exhaustion rule with AEDPA's one-year statute of limitation, "and the difficulty it has posed for petitioners." *Rhines*, 544 U.S. at 275. "[P]etitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," *id.*, because, absent a stay, they are presented with two choices, each of which will ordinarily result in precluding some or all of their claims: Either they may voluntary dismiss unexhausted claims, proceeding on only the exhausted ones, or they may decline to do so, leading to dismissal of the entire petition. Either kind of dismissal would be, in form, without prejudice. But, because the one-year statute of limitations is not tolled while the federal petition is pending, *Duncan v. Walker*, 533 U.S. 167, 181 (2001), and because state proceedings can be lengthy and unpredictable, in most cases either option will mean that a petitioner will be barred from federal review of some or all of his claims by the time he exhausts them. If a petitioner voluntarily dismisses his unexhausted claims, it is very likely that final state court exhaustion of unexhausted claims will come too late to allow the claims to be heard in federal court, whether because (1) the statute of limitations period will have run on the claims and they will not relate back to the filing of the petition because they do not "arise[] from the same core of operative facts as a claim contained in the original petition," *Ford v. Gonzalez*, 683 F.3d 1230, 1237 n.3 (9th Cir. 2012) (internal quotation marks omitted); (2) the remaining federal habeas petition will have been decided by the time the state courts act on the new habeas claims, triggering the onerous requirements for filing a second or successive habeas petition,

28 U.S.C. § 2244(b); or (3) both. Similarly, if a petitioner chooses to accept dismissal of the entire petition under *Lundy*, he will very likely be barred from reasserting *any* of his claims in federal court by AEDPA's statute of limitations. In either event, the result is the same as to the unexhausted claims: The petitioner will lose the opportunity ever to present those claims to a federal habeas court.[5] Thus, in this case, like *Reynaga* and unlike *CMKM Diamonds*, the magistrate judge's order was effectively dispositive of the unexhausted claims and, therefore, beyond his authority.

---

[5] It is, of course, possible that in some cases a petitioner could successfully return to federal court after he exhausts his claims, even without a stay. For example, a petitioner whose petition is dismissed under *Lundy* could have time remaining on the AEDPA statute of limitations; that period is tolled during the pendency of "a *properly* filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, he might exhaust his remaining claims and file a second habeas petition, all within the statute of limitations. But, because a petition may be deemed not "properly" filed after years of litigation, *see, e.g.*, *Evans v. Chavis*, 546 U.S. 189, 200 (2006), it is generally impossible for a petitioner to know *in advance* whether he will be successful in bringing his dismissed claims back to federal court. Exacerbating this uncertainty in the context of this case is "California's unusual system of independent collateral review" in which "a prisoner seeks review of a lower court's denial of relief by filing an original petition for habeas corpus in the reviewing court," rather than an appeal, and a "petition is timely filed if it is filed within a 'reasonable time,'" rather than within a set period of time. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010). Because of this *ex ante* danger that the petitioner will not be granted the benefit of statutory tolling for some unforeseen reason, the denial of a motion to stay and abey a habeas petition should be treated as presumptively dispositive of unexhausted claims.

We do not, however, foreclose the possibility that the state could establish, in particular cases, that the denial of such a motion was not dispositive under the circumstances. The state has not made nor attempted any such showing here.

Indeed, we have previously recognized, in similar but not identical circumstances, that the interaction of AEDPA's statute of limitations and *Lundy*'s total-exhaustion rule constrains the authority of magistrate judges. *Hunt v. Pliler* considered a magistrate judge's order holding a habeas petition mixed and warning that, unless the petitioner sought leave to file an amended petition without the unexhausted claims, the court would dismiss the petition in full under *Lundy*. 384 F.3d at 1120. The petitioner refused to do so and, after a "tortuous procedural hegira," the district court ultimately dismissed the petition with prejudice. *Id*. at 1120–23. We vacated the court's judgment, citing, in part, the court's and the magistrate judge's "fail[ure] to comply with § 636 and Rule 72, depriving Hunt of the right to *de novo* review by the district court of the magistrate judge's pivotal determination that the [petition] contained unexhausted claims." *Id*. at 1125. That determination *was* pivotal, we explained, because it "required Hunt to forfeit the claims [the magistrate judge] found unexhausted or face dismissal of the entire petition, effectively with prejudice because any newly filed petition would be barred by AEDPA's one-year statute of limitations." *Id*. at 1124 (citing 28 U.S.C. § 2244(d)); *see also id*. (observing that the magistrate judge's order could "hardly be considered equivalent to a dismissal with leave to amend because [it] compelled Hunt to abandon claims he contended had been exhausted or face dismissal of his entire petition with prejudice"). We therefore held that the magistrate judge's determination, purportedly on his own authority, that the petition was mixed "exceeded his statutory authority." *Id*.

*Hunt* is different from this case in that the petitioner in *Hunt* did not seek a stay pending exhaustion in state court, *id*. at 1125, and Mitchell did not affirmatively contest that his

petition was mixed. But *Hunt* held that the magistrate judge could not hear and determine the question whether the petition was mixed *because* the resolution of that issue would have dispositive effect as to the unexhausted claims: If the petition was mixed, *Hunt* recognized, the choices confronting the petitioner would be to either "abandon" his purportedly unexhausted claims or else face "dismissal of the entire petition, effectively with prejudice," because of AEDPA's statute of limitations. *Id*. at 1124. The stay-and-abey motion at issue here was, as explained above, dispositive for the same reason. In the shadow of *Lundy* and AEDPA, the denial of a *Rhines* stay, like a determination that the petition is mixed, generally amounts to dismissal of the unexhausted claims with prejudice.

Finally, *Flam* recently held that a motion to remand a removed case to state court is a dispositive matter under our "functional approach." *Flam*, 2015 WL 3540771 at *2–3. *Flam* agreed with several other circuits that "such a remand order is 'dispositive insofar as proceedings in the federal court are concerned,'" because "such an order 'preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute.'" *Id*. at *3 (quoting *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998)). Because remand orders "put litigants out of federal court," *Flam* held, they are dispositive in the relevant sense. *Id*.

Much the same is true in this context. The denial of a motion to stay and abey is "dispositive insofar as proceedings in the federal court are concerned," because "such an order preclusively determines the important point that there will not be a federal forum available to entertain" the petitioner's unexhausted claims. *Id*. (internal quotation marks omitted).

In sum, the magistrate judge in this case had no authority to hear and determine the motion to stay and abey habeas proceedings to permit exhaustion of claims. He was, instead, required to submit a report and recommendation to the district court on that matter, for *de novo* review.

Because, "the procedure leading to [the] dismissal" of this habeas petition "failed to comply with § 636," *Hunt*, 384 F.3d at 1125, we vacate the district court's judgment and remand for further proceedings, guided by the principle that "we cannot countenance a magistrate judge's unauthorized" orders, *Allen v. Meyer*, 755 F.3d 866, 869 (9th Cir. 2014), nor the results flowing from such orders, *cf. Hunt*, 384 F.3d at 1125.

The magistrate judge should have issued a report and recommendation as to the motion to stay and abey. The district court should therefore undertake, on remand, *de novo* review as to whether such a stay was warranted at the time of the magistrate judge's order. The district court may consider the magistrate judge's order on the stay as a report and recommendation, in which case the court should afford the parties an opportunity to lodge objections. *See Rivera-Guerrero*, 377 F.3d at 1071 (remanding "for the district court to apply de novo review . . . "treat[ing] the magistrate judge's 'order' as proposed findings and recommendations"). If the district court concludes that no stay was warranted, then the magistrate judge's unauthorized action was harmless, and the district court may reimpose its previous order. *See id*.

If a stay *was* warranted, then the district court must determine what prejudice the petitioner suffered as a result.

The pertinent question is: Would the case have progressed differently had a stay been granted, and, if so, how?

The magistrate judge's unauthorized denial of the motion to stay and abey proceedings led directly to Mitchell's voluntary dismissal of two of his claims. The magistrate judge expressly linked the two issues in his order, noting that, *because* the petition was not eligible for a *Rhines* stay, unless Mitchell voluntarily dismissed his unexhausted claims, the magistrate judge would recommend that the state's motion to dismiss be granted. Mitchell did so shortly thereafter. But for the magistrate judge's unauthorized action, if a stay was warranted, the case would have been stayed while Mitchell sought to exhaust the two unexhausted claims. Thus, if a stay should have been granted, the unauthorized stay denial caused Mitchell to lose the opportunity for a merits review on habeas of those two claims. Consequently, if the district court determines that a stay was warranted at the time, it should either stay the case under *Rhines*, if those claims remain unexhausted, or, if now exhausted, proceed to consider those claims as if they had never been dismissed.[6]

---

[6] With the petition not stayed and the claims dismissed, Mitchell could well have concluded that exhaustion would have been futile with regard to the viability of those claims in federal court. Indeed, it is quite likely that he recognized what the state conceded in oral argument: The denial of the stay motion was "tantamount to a dismissal" of the unexhausted claims with prejudice, as there was "no way" Mitchell would be able to return to federal court to assert them.

We vacate the judgment of the district court and remand for proceedings consistent with this opinion.[7]

**VACATED AND REMANDED.**

---

[7] Because we remand on this basis, we do not decide the other aspects of the certified question. Nor do we reach Mitchell's uncertified issues, as they address the merits of the stay denial and of the three claims addressed by the district court.