**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES G. KINNEY, | No. 16-56735 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-06168-PSG |
| v. | |
| PHILIP GUTIERREZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's order dismissing

his action seeking a declaratory judgment. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)

(dismissal based on the *Rooker-Feldman* doctrine); *Vasquez v. Los Angeles*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Kinney's request for oral
argument, set forth in the opening brief, is denied.

*County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Kinney's claims against Presiding Justices Rothschild and Boren; Justices Chaney, Johnson, Ashmann-Gerst, and Chavez; and Judges Scheper and Alarcon, for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Kinney's claims constitute a "de facto appeal" of prior state court judgments, or are "inextricably intertwined" with those judgments. *Noel*, 341 F.3d at 1163-65 (discussing application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred claim for injunction based on allegedly erroneous and "void" state court judgment because "[g]ranting the injunction would require the district court to determine that the state court's decision was wrong and thus void").

The district court properly dismissed Kinney's claims against Clark, Marcus and Chomsky because Kinney failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *see also Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (stating that the

Declaratory Judgment Act "only creates a remedy and is not an independent basis for jurisdiction").

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The magistrate judge did not abuse her discretion by issuing the related case order. *See* N.D. Cal. Civ. R. 3-12 (setting forth standard for relation of cases).

The magistrate judge did not abuse her discretion by transferring this action to the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 636 (describing magistrate judge's authority), 1404(a) (authorizing transfer of action for the convenience of parties and witnesses, in the interest of justice); *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015) (magistrate judges may hear and determine non-dispositive matters); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (setting forth factors relevant to transfer decision).

The district court did not abuse its discretion by transferring this case to Judge Gutierrez because this case was related to another case then-pending before Judge Gutierrez. *See* C.D. Cal. General Order No. 14-03, superseded by General

Order No. 16-05 (Oct. 31, 2016).

We reject as unsupported by the record Kinney's contention that Judge Gutierrez should have recused himself and that other judges were biased.

We do not consider Kinney's challenges to the district court's orders certifying this appeal as frivolous and severing certain claims because they are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' requests for sanctions and for leave to file a motion for a vexatious litigant pre-filing review order against Kinney, set forth in the answering brief, are denied.

Appellees' corrected motion to take judicial notice (Docket Entry No. 24) is granted.

**AFFIRMED.**