**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM SADOWSKI, | No. 16-56166 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-10623-PSG-E |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted November 5, 2018
Pasadena, California

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,** District
Judge.

William Sadowski, a California state prisoner, appeals the district court's

judgment denying his petition for writ of habeas corpus. We have jurisdiction

under 28 U.S.C. §§ 1291 and 2253. We affirm in part, vacate in part, and remand

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

with instructions for the district court to review *de novo* Sadowski's April 25, 2013, motion to stay.

1. Because Sadowski's petition contained both exhausted and unexhausted claims, he requested a stay to allow him to return to state court to complete exhaustion. The magistrate judge denied his request for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), but granted a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), which required deletion of the unexhausted claims from the federal petition. Subsequently, the district court adopted the magistrate judge's Report and Recommendation, rejecting the remaining claims on the merits.

Reviewing *de novo*, *see Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015), we conclude that the magistrate judge lacked the statutory authority to deny Sadowski's request for a *Rhines* stay.[1] *See id.* at 1170. ("[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter.") (citations omitted); *Bastidas v. Chappell*, 791 F.3d 1155, 1163–64 (9th Cir. 2015) (same).[2]

Accordingly, remand is necessary for the district court to consider *de novo*

---

[1] We commend the government for raising this jurisdictional issue.

[2] We note that neither the magistrate judge, nor the district court, had the benefit of *Mitchell* when they entered the orders at issue.

16-56166

Sadowski's April 25, 2013, motion to stay. The judgment is vacated in part to allow this determination. The Supreme Court has recognized that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

On remand, the district court may consider the magistrate judge's order denying the *Rhines* stay as a Report and Recommendation, and provide the parties an opportunity to lodge objections. *See Mitchell*, 791 F.3d at 1174. If the district court finds that no *Rhines* stay was warranted, it may re-impose its June 19, 2015, order. On the other hand, if a stay was warranted, the district court should consider the claims that were deleted from the petition as a result of the denial of the *Rhines* stay "as if they had never been dismissed." *Id*. The district court shall issue a new judgment once proceedings in that court are complete.

2. We review the district court's denial of the exhausted claims *de novo*, and affirm. *See Smith v. Ryan*, 823 F.3d 1270, 1278–79 (9th Cir. 2016).

a. Sadowski contends that the prosecutor committed misconduct during closing argument. None of the prosecutor's remarks, taken individually or together, constituted prejudicial misconduct. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (habeas relief is warranted only when prosecutorial misconduct

"so infected the trial with unfairness as to make the resulting conviction a denial of due process").

b. Sadowski next contends that his constitutional rights were violated by the presence of uniformed officers during trial. There is no clearly established Supreme Court precedent regarding "spectator conduct." *See Carey v. Musladin*, 549 U.S. 70, 76-77 (2006). Accordingly, the state court's denial of this claim could not have been "contrary to, or [have] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

c. Finally, Sadowski challenges that the jury's finding that he was sane at the time of the crimes. He again fails to identify any clearly established Supreme Court precedent authorizing a constitutional challenge to the sufficiency of the evidence supporting an affirmative defense of insanity. Therefore, the state court's denial of this claim cannot be contrary to, or an unreasonable application of, Supreme Court precedent. *See id.*

3. We decline to reach the remaining certified issue regarding the timeliness of the claims Sadowski deleted from his habeas petition, as it may be rendered moot during the course of the remand.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

16-56166