**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO ROMERO, | No.  18-56475 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-05405-ODW-AFM |
| v. | |
| NEIL MCDOWELL,* | MEMORANDUM** |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted July 27, 2021***
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and ROBRENO,**** District
Judge.

---

\*      Neil McDowell has been substituted for his predecessor, David
Holbrook, as the Warden of Ironwood State Prison under Federal Rule of
Appellate Procedure 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*\*      The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

California state prisoner Fernando Romero appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for first-degree murder and conspiracy to commit murder. We review de novo a district court's decision to deny a § 2254 habeas petition. *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). As the parties are familiar with the facts, we do not recount them here. We affirm.

We granted a certificate of appealability ("COA") regarding "whether trial counsel was ineffective for failing to adequately investigate and prepare the case in violation of appellant's Sixth Amendment right to counsel, including whether counsel inadequately investigated evidence regarding the victim's time of death, third-party culpability, or cell phone evidence," and then also asked the parties to address some procedural issues.

1.      As a preliminary matter, we are not persuaded by the State's argument that Romero waived the certified issue by failing to adequately raise it in his opening brief. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Romero provides sufficient argument that his trial counsel was ineffective regarding the victim's time of death and cell phone evidence. The only portion we deem waived is whether his trial counsel was ineffective regarding third-party culpability because Romero does not address it in his briefs.

2.      Romero claims that his trial counsel was ineffective for stipulating to

2

cell phone evidence—which showed that Romero and his co-defendant called each other numerous times on the night of April 26, 2007, and did so from a location very near the victim's house—without the benefit of investigation or expert consultation.[1]  Romero primarily points to minor, non-material errors in the stipulation.  However, Romero failed to demonstrate a reasonable likelihood of a more favorable outcome if his trial counsel had conducted additional investigation of the cell phone evidence.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (discussing prejudice requirement for an ineffective assistance of counsel claim).

     3.     Romero also claims that his trial counsel was ineffective for stipulating regarding the victim's time of death.[2]  Specifically, the parties stipulated that: "The exact time of death cannot be ascertained.  However, there is nothing inconsistent with the victim having been killed the evening of 4-26-07."  Romero contends that the stipulation contradicts a statement by a detective recounting that the coroner estimated that the victim was killed the morning of April 27, 2007.  However, the state court did not unreasonably determine that Romero's trial counsel made a sound tactical decision to enter into the stipulation

---

[1] Like the district court, we review this claim de novo out of an abundance of caution.

[2] Like the district court, we review this claim under the deferential standard of the Antiterrorism and Effective Death Penalty Act.  *See* 28 U.S.C. § 2254(d).

regarding the victim's time of death because he believed that an actual time of death could not be established favorably to Romero and because calling the coroner to testify could result in prejudicial testimony, including a gruesome description of the victim's body. *See id.* at 689 (discussing deficient performance requirement for an ineffective assistance of counsel claim).

4. Because we conclude that the district court properly denied Romero's ineffective assistance of counsel claims on the merits, we need not reach the parties' arguments regarding procedural default. *See Ayala v. Chappell*, 829 F.3d 1081, 1096 (9th Cir. 2016) ("[C]ourts are empowered to, and in some cases should, reach the merits of habeas petitions if they are . . . clearly not meritorious despite an asserted procedural bar." (alteration in original) (citation omitted)).

5. Our COA ordered the parties to address "whether the magistrate judge exceeded his authority by denying appellant's motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015)." *Mitchell* held that a magistrate judge has no authority to deny a *Rhines* motion which is dispositive of unexhausted claims, but instead must submit a report and recommendation to the district court for de novo review. 791 F.3d at 1171-74.

Here, although the magistrate judge denied Romero's motion for a *Rhines* stay (prior to *Mitchell*'s guidance), Romero's unexhausted claims were never

actually dismissed and his case was effectively stayed while he exhausted them in state court. The district court eventually denied the claims on their merits. Therefore, the magistrate judge's denial of the *Rhines* motion was not dispositive of the unexhausted claims and any error was harmless. *Mitchell*, 791 F.3d at 1172 n.5, 1174.

6. Finally, we decline Romero's request to expand the COA to include whether the district court abused its discretion by denying Romero's motions to appoint counsel. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

**AFFIRMED**.