FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PABLO BASTIDAS,
*Petitioner-Appellant*,

v.

KEVIN CHAPPELL, Warden,
*Respondent-Appellee.*

No. 12-55024

D.C. No.
2:07-cv-08390-MMM-JC

OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
December 8, 2014—Pasadena, California

Filed July 1, 2015

Before: Harry Pregerson, Kim McLane Wardlaw,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Berzon

## SUMMARY[*]

### Habeas Corpus

Vacating the district court's judgment dismissing a habeas corpus petition and remanding, the panel held that the petitioner's motion to stay and abey his 28 U.S.C. § 2254 habeas petition in order to exhaust in state court a claim that was not yet part of his federal habeas petition was dispositive of that new unexhausted claim, such that the magistrate judge was without authority to hear and determine the motion, but rather was required to submit a report and recommendation to the district court.

The panel rejected the petitioner's argument that the magistrate judge lacked authority to grant his request to remove two unexhausted claims from his petition.

### COUNSEL

Mark Raymond Drozdowski, Deputy Federal Public Defender, Michael David Weinstein (argued), Assistant Federal Public Defender, and Raj Shah, Certified Law Student, Federal Public Defender's Office, Los Angeles, California, for Petitioner-Appellant.

Kamala Harris, Attorney General, Lance Winters, Senior Assistant Attorney General, Michael Johnsen, Supervising Deputy Attorney General, and Kim Aarons (argued) and Ana

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

R. Duarte, Deputy Attorneys General, Office of the California Attorney General, Los Angeles, California for Respondent-Appellee.

## OPINION

BERZON, Circuit Judge:

*Mitchell v. Valenzuela*, filed today, holds that a motion to stay and abey a 28 U.S.C. § 2254 habeas corpus petition to exhaust claims in state court is generally (but not always) dispositive of the unexhausted claims, and that a magistrate judge therefore generally cannot hear and determine such a motion. *Mitchell v. Valenzuela*, No. 12-55041, slip op. at 3 (9th Cir. July 1, 2015). In *Mitchell*, the petitioner sought a stay in order to exhaust claims that were already part of his petition. *Id.* at 4. Here, the petitioner, Pablo Bastidas, moved to stay and abey his petition while he exhausted a claim that was not yet a part of his federal habeas petition. We hold that Bastidas's motion was likewise dispositive of that new unexhausted claim, such that the magistrate judge was without authority to "hear and determine" it, but rather was required to submit a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A)–(B). We also reject Bastidas's argument that the magistrate judge lacked authority to grant Bastidas's request to remove two unexhausted claims from his petition.

## I.

Pablo Bastidas was convicted at a jury trial in California court of four counts of second-degree robbery, three counts of possession of a firearm by a felon, and one count of assault

with a firearm. With various enhancements found true by the jury, he was sentenced to a total of fifty-five years in prison.

After the California courts denied relief on direct appeal and state habeas review, Bastidas, represented by counsel, filed the federal habeas petition at issue here. He conceded in his petition that two of the four claims he asserted had not been presented to the California Supreme Court. The case was referred to a magistrate judge, who was authorized by the district court "to consider preliminary matters and conduct all further hearings as may be appropriate or necessary," and directed to then prepare and file a report and recommendation.

Bastidas's attorney subsequently withdrew. Bastidas filed a *pro se* motion to stay and abey the proceedings, noting that he had filed a new petition in state court asserting that his constitutional rights had been violated when the trial court ordered his "una[d]judicated weapon enhancements" to run consecutively to the principal charge. That claim was not part of Bastidas's existing federal habeas petition; rather, he sought a stay to exhaust the claim so that he could amend it into his petition. The state did not file a response to the motion to stay and abey.

The magistrate judge denied the motion to stay and abey. She stated that, under *Rhines v. Weber*, 544 U.S. 269 (2005), and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), she had the authority to stay the petition and allow Bastidas to amend in the new claim once it was exhausted. But the magistrate judge denied the stay under *Kelly*, because, she held, the claim was already time-barred. Equitable tolling was not warranted, the magistrate judge held, and the new claim did not relate back to the filing of the original petition. The

magistrate judge also decided that a stay under *Rhines* was foreclosed, both as time barred and as lacking good cause.

The state subsequently filed a motion for leave to file a motion to dismiss, as well as a proposed motion to dismiss, arguing that two of the four claims in Bastidas's petition were unexhausted. Shortly thereafter, before the magistrate judge acted on the state's motion, Bastidas filed a *pro se* "notice of withdrawal," conceding that two claims in the habeas petition were not exhausted, noting that the court had already denied his earlier motion for a stay as to the new claim, and asking the court to dismiss the two unexhausted claims in his petition. The magistrate judge granted Bastidas's request, dismissed the two claims, denied the state's motion for leave to file the motion to dismiss as moot, and directed the clerk to strike the proposed motion to dismiss.

After additional briefing, the magistrate judge issued a report and recommendation as to the remaining claims. She recounted that, "at petitioner's request, the Court dismissed" the two unexhausted claims, but did not mention Bastidas's prior motion for a stay, her own order denying a stay, or the state's proposed motion to dismiss. Her recommendation was that the district court deny relief on the remaining claims and dismiss the petition with prejudice.

Bastidas objected to the report and recommendation, on grounds unrelated to any argument regarding the magistrate judge's authority. After *de novo* review, the district judge overruled the objections and adopted the report and recommendation, dismissing the petition with prejudice. Bastidas timely appealed.

We granted a certificate of appealability, *see* 28 U.S.C. § 2253(c), as to "whether the magistrate judge exceeded her authority by issuing, without the parties' consent, orders denying appellant's motion for a stay and abeyance, dismissing two of appellant's claims, denying as moot appellee's application for leave to file a motion to dismiss, and striking appellee's motion to dismiss."

## II.

The authority of magistrate judges "is a question of law subject to *de novo* review." *United States v. Carr*, 18 F.3d 738, 740 (9th Cir. 1994).

As *Mitchell* explains more fully, the authority of magistrate judges is limited by 28 U.S.C. § 636, under which a magistrate judge may hear and determine nondispositive matters but not dispositive ones. *Mitchell*, slip op. at 6–8. As to dispositive matters, the magistrate judge may go no further than issuing a report and recommendation to the district court, which then must undertake *de novo* review. *Id*. *Mitchell* holds that "a motion to stay and abey section 2254 proceedings" to exhaust claims in state court "is generally (but not always) dispositive of the unexhausted claims." *Id*. at 13.

This case presents similar circumstances to those considered in *Mitchell*, so we do not repeat its analysis here. Several aspects of this case, however, warrant separate attention. We consider them in turn.

A.

Bastidas never objected to any of the magistrate judge's actions on the grounds that she lacked authority to hear and decide dispositive matters. The state argues that, as a result, Bastidas forfeited his right to appellate review of the magistrate judge's actions purportedly in excess of her authority. We disagree.

"[A]s a general matter, a litigant must raise all issues and objections" before the trial court. *Freytag v. C.I.R.*, 501 U.S. 868, 879 (1991). Thus, in the ordinary course, a party who does not complain of an issue in the district court forfeits his right to review of that issue on appeal. In accord with this general rule, we have held that "a party who fails to file timely objections to a magistrate judge's *nondispositive* order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) (emphasis added). In addition, the Supreme Court has authorized, but not required, the courts of appeals to adopt rules conditioning the availability of appellate review of a magistrate judge's report and recommendation as to dispositive matters on the filing of objections to the report with the district court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985). Consistent with *Thomas*'s invitation, we have articulated a set of rules governing appellate review of matters in a magistrate judge's report and recommendation to which a party fails to object before the district court: While "failure to object to a magistrate judge's factual findings waives the right to challenge those findings, [i]t is well settled law in this circuit that failure to file objections . . . does not [automatically] waive the right to appeal the district court's conclusions of law," but is rather "a factor to be weighed in

considering the propriety of finding waiver of an issue on appeal." *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (alterations in original) (internal quotation marks omitted).[1]

This case presents a different issue from those covered by our forfeiture precedents concerning magistrate judge rulings. Bastidas did not fail to object to a magistrate judge's order on an avowedly nondispositive matter, as in *Simpson*, nor to a magistrate judge's report and recommendation on an avowedly dispositive matter, as in *Miranda*. Here, rather, the failure to object relates to the (implicit) determination that particular matters *were* nondispositive rather than dispositive. *Simpson* and *Miranda* do not speak to whether the failure to object to that determination forfeits the right to appellate review.

We conclude that a finding of forfeiture—or, for that matter, waiver—would be inappropriate under the circumstances of this case. The issue here is different from the *merits* of a magistrate judge ruling of either variety in an important respect: it implicates the structural principles of Article III. The line Congress drew between dispositive and nondispositive matters was not a result of happenstance. Rather, it reflects the very real concern that, at least absent consent, delegating the final disposition of cases to magistrate

---

[1] Given our flexible approach, our cases discussing the effects of failure to object to a report and recommendation are perhaps best understood as an application of the doctrine of forfeiture, not waiver. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) (distinguishing waiver and forfeiture); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1941 n.5 (2015) (noting the Seventh Circuit's clarification that its similar rule governing appellate review of Bankruptcy Court authority rests on forfeiture, not waiver, doctrine).

judges would run afoul of the Constitution. *See Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 542 (9th Cir. 1984) (en banc) (indicating that "[a] mandatory provision for trial of an unrestricted class of civil cases by a magistrate and not by Article III judges would violate the constitutional rights of the litigants"); *see also Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003) (observing that section 636(c)'s "voluntary consent requirement was designed to assuage constitutional concerns, as Congress did not want to erode a litigant's right to insist on a trial before an Article III judge"). Thus, the question whether a magistrate judge correctly determined the limits of her authority likewise implicates Congress's concern with running afoul of Article III. *Id*.[2]

"[T]he Supreme Court teaches that when a federal judge or tribunal performs an act of consequence that Congress has not authorized, reversal on appeal may be appropriate" even in the absence of a proper objection. *United States v. Harden*, 758 F.3d 886, 890 (7th Cir. 2014) (citing *Rivera v. Illinois*, 556 U.S. 148, 161 (2009)). For example, in *Nguyen v. United States*, 539 U.S. 69 (2003), the Supreme Court vacated our court's judgments affirming criminal convictions because the panel that had heard the cases included an Article IV Judge from the District for the Northern Mariana Islands, in violation of the statutory authorization for judges to sit by designation. *Id*. at 73, 83. In doing so, the Court rejected the argument that the lack of an objection before us to the composition of the panel foreclosed relief on appeal, noting that it had previously "agreed to correct, at least on direct review, violations of a statutory provision that embodies a

---

[2] We express no view as to the Article III limits of magistrate judges' authority.

strong policy concerning the proper administration of judicial business even though the defect was not raised in a timely manner." *Id*. at 78 (internal quotation marks omitted). As in *Nguyen*, the importance of policing the proper designation of judicial officers in Article III courts convinces us that review is warranted despite Bastidas's failure to object. *Cf. Harden*, 758 F.3d at 889–91.

Citing *Clark v. Poulton*, 963 F.2d 1361, 1367 (10th Cir. 1992), the state argues that a magistrate judge's lack of authority to hear and determine certain matters does not affect the district court's subject-matter jurisdiction, and therefore that Bastidas's arguments are forfeited. *See also Peretz v. United States*, 501 U.S. 923, 937 (1991); *United States v. Judge*, 944 F.2d 523, 525 (9th Cir. 1991). But *Nguyen* did not rely on a defect in the court's subject-matter jurisdiction to reach the merits despite the lack of an objection. Indeed, "because the statutory violation [wa]s clear," *Nguyen* expressly declined to consider whether "the participation of an Article IV judge on the panel violated structural constitutional guarantees embodied in Article III." 539 U.S. at 76 n.9. As *Nguyen* is a Supreme Court case decided after *Clark*, binding upon us, the government's reliance on *Clark* does not persuade us that, even if subject-matter jurisdiction is not implicated, we cannot reach the merits in this case.

Nor is *Peretz* to the contrary. *Peretz*, in which the defendant's attorney "affirmatively welcomed" "picking [a] jury before a magistrate," expressly declined to reach the question whether "the conduct of petitioner and his attorney constitute[d] a waiver of the right to raise . . . on appeal" the argument that a district judge must oversee jury selection. 501 U.S. at 925, 927, 932, 940. Instead, *Peretz* rejected *on the merits* the defendant's arguments that the magistrate

judge's role in jury selection violated the statute and Article III. *Id*. at 935–36. *Peretz*, therefore, simply does not speak to the question in this case of forfeiture of the right to appellate review.

For the same reason, the Supreme Court's recent decision in *Wellness International Network, Ltd. v. Sharif* does not resolve the forfeiture issue in this case. *Wellness International* held, likewise on the merits, that "Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge." 135 S. Ct. at 1939. But the Court remanded the case for a determination in the first instance both whether the parties did consent, and also "whether, as Wellness contends, Sharif forfeited his . . . argument below" regarding the limits of the Bankruptcy Court's authority. *Id*. at 1949. Because the Court did not reach the forfeiture issue, *Wellness International* offers no reason to doubt our conclusion.

Even if we were to conclude that Bastidas forfeited any argument regarding the magistrate judge's authority by not filing objections with the district court, that conclusion would not foreclose review. Rather, when a party has failed to raise an issue before the district court, we generally have "discretion to make an exception" and consider the issue if, among other circumstances, "'the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed.'" *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012) (quoting *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985)). The issue in these cases—whether a stay-and-abey motion is a dispositive matter—is a purely legal one, *see Carr*, 18 F.3d at 740, and the record has been fully developed. We thus have discretion to reach this issue

in any event and, in the alternative, exercise it to do so.  *See Mitchell*, slip op. at 8–9 n.3.

Our conclusion in this regard is bolstered by the fact that, unlike the situations considered in both *Simpson* and *Miranda*, Bastidas never received any notice that the magistrate judge was making the determination that the stay motion was nondispositive, nor any other clear guidance as to how he might seek any sort of review of that determination before the district court.  Parties are given notice of their right to seek review of magistrate judge rulings on nondispositive issues, *see* Fed. R. Civ. P. 72(a); *Simpson*, 77 F.3d at 1174, as well as review of dispositive ones, *see* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); Rule 8(b), Federal Rules Governing § 2254 Cases (2015).[3]  But neither Rule 72, nor section 636,

---

[3] Indeed, reports and recommendations are typically accompanied by detailed warnings, and the magistrate judge provided such warnings with her eventual report and recommendation in this case:

> You are hereby notified that the Magistrate Judge's report and recommendation and a proposed order and judgment have been filed on October 26, 2011, copies of which are attached.

> Any party having objections to the report and recommendation and the proposed order and judgment shall, not later than November 15, 2011, file and serve a written statement of objections with points and authorities in support thereof before the Honorable Jacqueline Chooljian, United States Magistrate Judge. A party may respond to another party's objections within 14 days after being served with a copy.  A party who does not intend to so respond may expedite matters by filing a notice so indicating prior to the 14-day response deadline.

nor any statement from the magistrate judge in this case, told Bastidas what to do if he disagreed with the magistrate judge's determinations that her decisions were nondispositive. The murkiness of the proper procedural route to seek district court review of this issue, and lack of notice of the right to such review, confirms our conclusion that appellate review is warranted in this case despite Bastidas's failure to object before the district court.

We recognize, however, that our holding in this regard carries with it the danger of litigants strategically deciding *not* to object to a magistrate judge's determination that a matter is nondispositive, only to raise the issue on appeal if the district court rules against them on other matters. *Cf. Thomas*, 474 U.S. at 148. Such conduct would be contrary to "the underlying purpose of the Federal Magistrates Act . . . to improve the effective administration of justice." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) (en banc).

In our view, the solution to this problem is straightforward: When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge. Where litigants have been specifically

---

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

warned of the right to object to a magistrate judge's determination that a matter is nondispositive and of the potential consequences of failing to do so, the conclusion that the issue was forfeited may be warranted.

Here, however, as discussed above, no such warnings were given to Bastidas. We hold that he did not forfeit his argument on appeal that the magistrate judge acted in excess of her authority.[4]

## B.

Observing that, under our precedents, the question is "whether the motion to stay and abey at issue . . . was effectively dispositive of a claim or defense or of the ultimate relief sought," *Mitchell* holds that, in light of *Rhines v. Weber*, 544 U.S. 269 (2005), "a motion to stay and abey section 2254 proceedings" to exhaust claims "is generally (but not always) dispositive of the unexhausted claims." *Mitchell*, slip op. at 13. As *Mitchell* explains, the interaction of *Rose v. Lundy*, 455 U.S. 509 (1982), which requires dismissal of a "mixed" petition that includes unexhausted claims, and the one-year statute of limitations enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), means that, once a motion to stay and abey the petition is denied, no matter what a petitioner chooses to do, he will generally "lose the opportunity ever to present [his unexhausted] claims to a federal habeas court." *Id*. at 14.

---

[4] Bastidas properly raised the issue of the magistrate judge's authority in his opening brief. This appeal, consequently, does not implicate our general rule that "[i]ssues not raised in the opening brief usually are deemed waived." *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 911 (9th Cir. 2003) (internal quotation marks omitted).

This case differs from *Mitchell* in one important respect. Bastidas, unlike Mitchell, sought a stay to exhaust a claim that was not already part of his federal habeas petition.[5] We conclude, however, that *Mitchell*'s rule applies with equal force in this case. As the state recognized at oral argument, the stay denial meant that Bastidas would never be able to assert the new claim in a federal habeas proceeding. The denial of Bastidas's stay request was, thus, as dispositive of his new claim as the denial of Mitchell's request was of his existing claims.

The state, arguing to the contrary, relies on language in *S.E.C. v. CMKM Diamonds, Inc.*, to suggest that "a motion to stay litigation that 'is not dispositive of either the case or any claim or defense *within it*' may properly be determined by a magistrate judge." 729 F.3d 1248, 1260 (9th Cir. 2013) (quoting *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13–14 (1st Cir. 2010)) (emphasis added). But neither *CMKM Diamonds*, nor, for that matter, *PowerShare*, each of which held that a motion to stay at issue in that case was nondispositive, involved any potentially foreclosed claims not already in the complaint, and neither said that a stay motion

---

[5] Another difference between this case and *Mitchell* is that Mitchell moved to stay and abey only under *Rhines*, while in this case the magistrate judge interpreted Bastidas's motion as seeking a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007), as well as a stay under *Rhines. See Mitchell*, slip op. at 12 n.4 (citing *King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009)). *Mitchell*'s reasoning applies to a motion for a *Kelly* stay as well as a *Rhines* stay, because *Kelly*, like *Rhines*, offers a mechanism to address "the difficulties posed by the interaction of AEDPA's statute of limitations and *Lundy*'s rule." *Id*. We express no opinion regarding the availability of either kind of stay under the circumstances of this case.

that is dispositive of a claim not included in the already-filed complaint *is* within a magistrate judge's authority. So the state's reliance on the particular turn of phrase used in those cases is a weak reed.

Nor are we persuaded by the state's argument that a motion to stay for the purpose of exhausting claims not already included in the petition, as in this case, is nondispositive because it is analogous to a motion to amend in a new claim. Contrary to the state's contention that a motion to amend is *always* nondispositive, we have never decided whether the *denial* of a motion to amend can be, under some circumstances, dispositive.

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099 (9th Cir. 1985), *superseded by statute on other grounds as recognized in MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013), concerned a salvage dispute in which the plaintiffs sought to amend in an additional claim and defendant after the statute of limitations had run; a magistrate judge *granted* the motion. *Id*. at 1102. Without much explanation, we concluded the matter was nondispositive. *Id*. at 1102 n.1.

It should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a different question entirely. Just as "it is of course quite common for the finality of a decision to depend on which way the decision goes," *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694 (2015), so the dispositive nature of a

magistrate judge's decision on a motion to amend can turn on the outcome.[6]

Here, Bastidas sought a stay in the hope of exhausting and later amending into his petition a new claim against the same respondent and for the same postconviction relief.[7]  Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought.  *See CMKM Diamonds*, 729 F.3d at 1260; *see also Flam v. Flam*, — F.3d —, No. 12-17285, 2015 WL 3540771 at *2 (9th Cir. June 8, 2015).  We conclude that Bastidas's motion to stay and abey

---

[6] *Bullard* held that a bankruptcy court's refusal to confirm a Chapter 13 plan is not an immediately appealable final order, even though confirmation of such a plan would be, and "any asymmetry in this regard simply reflects the fact that confirmation allows the bankruptcy to go forward and alters the legal relationships among the parties, while denial does not have such significant consequences."  135 S. Ct. at 1695.

[7] The state relies on *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006), which held that a magistrate judge was authorized to deny a motion to amend a new defendant into an existing suit after the statute of limitations had run.  Whether or not *Hall*'s holding in this regard was correct, we find the state's analogy to *Hall* attenuated, and thus unpersuasive with regard to the issue before us.  *Hall* considered a motion to amend the complaint in a civil case to add a new defendant; here, by contrast, there was no motion to amend, but rather a motion to stay proceedings with the hope of a possible future amendment.  Even that potential future amendment would, unlike *Hall*, add a new claim to the petition but no new party.  A district court's order foreclosing a new claim against an existing defendant can amount to "a denial of the ultimate relief sought" against that defendant under some circumstances, *CMKM Diamonds*, 729 F.3d at 1260, even if an order foreclosing the addition of a new defendant is deemed categorically nondispositive of the pending case.

was dispositive of the new claim he sought to add to his petition, and the magistrate judge therefore lacked authority to deny it.

Because we conclude that *Mitchell* covers this case, we vacate the district court's judgment and remand for further proceedings. *Mitchell*, slip op. at 17. The court should determine *de novo* whether a stay was warranted with regard to the new claim at the time Bastidas made his motion, and may consider the magistrate judge's order as a report and recommendation, along with any objections from the parties. *Id*. at 17. If a stay was warranted, the court should decide "[t]he pertinent question": "Would the case have progressed differently [regarding that claim] had a stay been granted, and, if so, how?" *Id*. at 18–19.

C.

Bastidas's other certified issue is whether the magistrate judge's order granting Bastidas's "notice of withdrawal" and dismissing the two unexhausted claims in his petition without prejudice was a dispositive order. We hold that it was not.

Bastidas never sought a stay to exhaust the two unexhausted claims originally a part of his petition. Instead, he withdrew those claims after the state sought to dismiss the petition as mixed but before any ruling by the magistrate judge as to whether it was.

Bastidas did mention the earlier stay denial in his notice of withdrawal, suggesting that he may have believed that the magistrate judge's earlier (unauthorized) order foreclosed the availability of a stay as to the two unexhausted claims in the petition. But any such belief was baseless. Even if he could

not establish good cause under *Rhines*, Bastidas could at least have sought a *Kelly* stay as to those claims. The magistrate judge's determination that the new claim was time barred would have had no bearing on Bastidas's eligibility for a *Kelly* stay as to the claims that were already part of his petition.

The orders the magistrate judge did issue with regard to the unexhausted claims in the original petition were routine housekeeping matters. It may very well be that Bastidas filed his notice of withdrawal because he expected the two claims would be dismissed. But any impetus in that direction came from the state, which had filed a motion for leave to file a motion to dismiss the petition as mixed, not the magistrate judge, who had not acted on the motion. The magistrate judge only permitted Bastidas to give up the unexhausted claims in his petition when he asked to do so. A magistrate judge's order doing what a habeas petitioner has asked, against the backdrop of a proposed motion to dismiss, does not equate to a dispositive order.

We do not mean to suggest that a magistrate judge's order granting a party's motion to dismiss his own claims will *always* be nondispositive. There may well be situations in which a magistrate judge takes unauthorized steps that ultimately force a litigant to move to dismiss some of his claims. *Cf. Hunt v. Pliler*, 384 F.3d 1118, 1124 (9th Cir. 2004) (holding that the magistrate judge exceeded his authority by holding the habeas petition mixed and issuing "an order, not authorized by the statute, that *required* Hunt to forfeit the claims he found unexhausted or face dismissal of the entire petition" (emphasis added)). We hold only that those circumstances are not present here. Under no compulsion from the magistrate judge, Bastidas sought to

dismiss two of his claims. The magistrate judge was within her authority in granting that request.**⁸**

### III.

We vacate the judgment of the district court and remand for proceedings consistent with this opinion.**⁹**

**VACATED AND REMANDED.**

---

**⁸** Because we reject Bastidas's argument on this basis, we need not address the state's contentions that the notice of withdrawal was self-executing or that Bastidas consented to the magistrate judge's authority to dismiss his claims.

We also certified the question whether the magistrate judge's denial as moot of the state's motion for leave to file a motion to dismiss, and order directing the clerk to strike the proposed motion to dismiss, were dispositive. Bastidas has not argued that they were. We conclude those orders, each of which was without prejudice, were quintessential housekeeping matters, and the magistrate judge was authorized to issue them.

**⁹** We do not reach Bastidas's uncertified issues, as they address the merits of the stay denial and of the district court's denial of relief on Bastidas's claim of ineffective assistance of counsel.