**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAGE REDWIND,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>WESTERN UNION, LLC,<br><br>              Defendant-Appellee. | No. 16-35563<br><br>D.C. No. 3:14-cv-01699-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Sage Redwind appeals pro se from the district court's judgment in her

employment action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051,

1056 (9th Cir. 2004).  We may affirm on any basis supported by the record.  *Hell's*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Redwind's defamation claim because Redwind failed to raise a genuine dispute of material fact as to whether the statements in question were not qualifiedly privileged. *See Mannex Corp. v. Bruns*, 279 P.3d 278, 285 (Or. Ct. App. 2012) (explaining qualified privilege).

The district court properly concluded that Redwind's Title VII claims arising from events occurring prior to 300 days before she filed her complaint with the Oregon Bureau of Labor and Industries were barred by the statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII complainant must file charge with authorized state or local agency no later than 300 days after alleged unlawful practice occurred).

The district court properly granted summary judgment on Redwind's Title VII discrimination claims because Redwind failed to establish a prima facie case of discrimination, and failed to raise a genuine dispute of material fact as to whether Western Union's ("WU") legitimate, non-discriminatory reasons for its actions were pretextual. *See Bergene v. Salt River Project Agric. Improvement & Power*

*Dist.*, 272 F.3d 1136, 1140 (9th Cir. 2001) (setting forth prima facie case of discrimination under Title VII); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (to avoid summary judgment, a plaintiff must "produce specific, substantial evidence of pretext" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Redwind's Title VII harassment claim because Redwind failed to raise a genuine dispute of material fact as to whether her work environment was objectively hostile, or whether the alleged harassment took place because of any of her protected characteristics. *See Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1034 (9th Cir. 2005) (setting forth prima facie case of harassment under Title VII).

Summary judgment on Redwind's Title VII retaliation claims related to the August 2013 coaching memorandum and October 2014 written warning was proper because Redwind failed to raise a genuine dispute of material fact as to whether WU's legitimate, non-discriminatory reasons for these actions were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062, 1064-65 (9th Cir. 2002) (explaining application of burden-shifting to Title VII retaliation claims); *Bradley*, 104 F.3d at 270. The district court properly granted summary

judgment on Redwind's remaining retaliation claims because Redwind failed to raise a genuine dispute of material fact as to whether these actions constituted adverse employment decisions. *See Bergene*, 272 F.3d at 1140-41 (setting forth prima facie case of retaliation under Title VII).

Redwind forfeited her opportunity to appeal the denial of all nondispositive orders, including her discovery motions and motion to amend her complaint, because she did not file any objections to the magistrate judge's orders. *See Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." (citation and internal quotation marks omitted)); *see also Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (motion for leave to amend a complaint is a nondispositive order).

The district court did not abuse its discretion by declining to consider the "payroll records" Redwind submitted in support of her opposition to WU's motion for summary judgment because this evidence was not properly authenticated. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (explaining authentication and standard of review).

16-35563

We lack jurisdiction to consider the district court's bill of costs because Redwind failed to file a separate or amended notice of appeal. *See Stone v. INS*, 514 U.S. 386, 402-03 (1995) (order deciding post-judgment non-tolling motion must be separately appealed).

We reject as unsupported by the record Redwind's contentions that the district court was biased against her.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**