**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY L. RODRIGUES,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CHARLES L. RYAN, Director, State of Arizona Dept. of Corrections; et al.,<br><br>Defendants-Appellees. | No. 17-15549<br><br>D.C. No. 3:14-cv-08141-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Anthony L. Rodrigues, an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his action alleging claims under Title II of the

Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hebbe v. Pliler*, 627

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly dismissed Rodrigues's ADA claim because Rodrigues failed to allege facts sufficient to show that defendants denied him a reasonable accommodation because of his alleged disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010) (setting forth elements of ADA claim in prison context and concluding that "even assuming that transfer to some other prison facility might have been a reasonable accommodation, there is no evidence . . . that such denial was because of or motivated by [pretrial detainee's disability]").

The district court properly granted summary judgment for defendants Ryan, Diaz, and Rider because Rodrigues failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Rodrigues's health. *See Toguchi*, 391 F.3d at 1057 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (recognizing Eighth Amendment claim for deliberate indifference based on exposure to levels of environmental tobacco smoke).

Rodrigues forfeited his opportunity to appeal the denial of his motions for appointment of counsel, experts, and to supplement his complaint because

2                                                                 17-15549

Rodrigues did not file any objections to the magistrate judge's orders on these motions. *See Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) ("[A] party who fails to file timely objections to a magistrate judge's *nondispositive* order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." (citation and internal quotation marks omitted)).

**AFFIRMED.**

17-15549