NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JODY JOSE MARQUEZ, | No. 17-15601 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02175-DLR |
| v. | |
| CORIZON HEALTH SERVICES, Health Care Contractor; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Arizona state prisoner Jody Jose Marquez appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment because Marquez failed to raise a genuine dispute of material fact as to whether any defendant was deliberately indifferent in treating Marquez's back problems.  *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence, medical malpractice, or a difference in opinion are insufficient to establish deliberate indifference).

The district court did not abuse its discretion in denying Marquez's second motion to produce documents because Marquez failed to show that he was actually and substantially prejudiced.  *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and noting that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant").

Marquez forfeited his opportunity to appeal the denial of his motion to appoint counsel, motion to compel, and "motion for extension of uniform interrogatory question limit" because Marquez did not file any objections to the

17-15601

magistrate judge's orders on these motions. *See Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) ("[A] party who fails to file timely objections to a magistrate judge's *nondispositive* order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' motion to strike (Docket Entry No. 23) is granted in part and denied in part. We grant defendants' request to strike Marquez's exhibit nos. 19, 26, 28, 29, and 30 from Docket Entry No. 22. We deny the remainder of defendants' motion to strike.

**AFFIRMED.**