**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIDHAL BEN-SALAH,

       Plaintiff-Appellant,

v.

STERLING JEWELERS, INC., DBA
Jared Galleria of Jewelry, a Delaware
corporation,

       Defendant-Appellee.

No.   18-35140

D.C. No. 3:17-cv-00907-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 15, 2019[**]
Portland, Oregon

Before:  N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

Nidhal Ben-Salah appeals the district court's order compelling arbitration

and dismissing his employment discrimination case against his employer, Sterling

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jewelers, Inc. ("Sterling"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We affirm the district court's determination that Ben-Salah agreed to arbitration. Whether Ben-Salah entered into the RESOLVE Arbitration Agreement ("RAA") is a question of fact. *See Seyfried v. O'Brien*, 81 N.E.3d 961, 967 (Ohio Ct. App. 2017). Ben-Salah did not specifically object to the magistrate judge's factual determination that he agreed to the RAA by electronically signing the "Acknowledgement." Thus, he waived his right to challenge the magistrate judge's determination on appeal. *See Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015).

2. We affirm the district court's determination on fraudulent inducement. Ben-Salah did not specifically challenge the magistrate judge's legal determination that an arbitrator must decide whether Sterling fraudulently induced Ben-Salah to accept the RAA in his objections to the district court. While failing to object to a magistrate judge's legal conclusions does not constitute an automatic waiver of the right to challenge those findings on appeal, we may weigh Ben-Salah's failure to object in favor of finding waiver on appeal. *See Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Ben-Salah takes issue with the magistrate judge's understanding that Ben-Salah was arguing the entire agreement was fraudulently

2

induced, not just the arbitration provisions. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010) (arguments of "fraud in the inducement of the arbitration clause itself" are for the court, while challenges to the validity of the contract as a whole are for an arbitrator) (citation omitted). Because he failed to object to the magistrate judge's determination before the district court, we do not have the district court's analysis. Further, Ben-Salah does not even acknowledge his failure to object in his briefing on appeal.

Even if Ben-Salah had not waived his fraudulent inducement challenge, his allegations fall short of a prima facie case for misrepresentation under Ohio law. *See Volbers-Klarich v. Middletown Mgt., Inc.*, 929 N.E.2d 434, 440 (Ohio 2010) (listing elements). Ben-Salah has not alleged that the Sterling manager's representation that Ben-Salah was only scrolling through and signing "policies," even if it were false and material, was made with the manager's knowledge of its falsity or intent to deceive.

3.     We affirm the district court's determination that the RAA was not unconscionable. Under Ohio law, "the party challenging a contract as unconscionable must prove 'a quantum' of both procedural and substantive unconscionability." *Taylor Bldg. Corp. of Am. v. Benfield*, 884 N.E.2d 12, 24 (Ohio 2008). Although determining whether a contract is unconscionable involves

3

a question of law, finding procedural unconscionability involves factual determinations regarding the circumstances surrounding the making of the contract. *See id.* at 21. Ben-Salah's real disagreement lies with the magistrate judge's factual findings about procedural unconscionability, to which Ben-Salah did not specifically object before the district court, thus precluding our review on appeal.[1] *See Bastidas*, 791 F.3d at 1159. Because we affirm the district court's finding on procedural unconscionability, we may not set aside the RAA as unconscionable. *See Taylor*, 884 N.E.2d at 24.

4. The district court did not abuse its discretion by declining to decide the question of equitable tolling. The arbitration agreement provides that "a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim)" in the event a party has already initiated a judicial proceeding. This statement rebuts the presumption that the issue must be a question for the arbitrator. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002) (deciding that procedural disputes are

---

[1] For example, Ben-Salah's declaration never alleged that he was "instructed not to review the documents," as he contends on appeal. Nor did Ben-Salah allege that he was pressured to sign the "Acknowledgement," or given insufficient time to read or digest its provisions. Nor did Ben-Salah object to the magistrate judge's failure to make a factual finding about Ben-Salah's inability to access a copy of the RAA.

4

presumptively a question for the arbitrator unless the arbitration agreement provides otherwise). However, as a matter of contract interpretation, by providing that the court "may" decide procedural questions, the agreement grants the court discretion as to whether to decide them. The district court exercised that discretion and provided a reasoned basis for determining it would not decide the issue.

**AFFIRMED.**