**NOT FOR PUBLICATION**

**FILED**

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS ARTHUR GANDARA, | No. 22-55214 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-01616-SVW-KK |
| v. | |
| GAVIN NEWSOM, Governor of California; TIMOTHY HOLLANDHURST, Superior Court Judge, Riverside California; EMMA C. SMITH, Superior Court Judge, Riverside, California; MICHAEL A. HESTREN, Riverside County District Attorney; AMBER LEE ZEXLER, Deputy District Attorney Riverside County; STEVEN L. HARMON, Riverside County Public Defender; MONICA NGUYEN, Deputy Public Defender Riverside County; NEAL HARRISON, Deputy Public Defender Riverside County; HARGUES, Deputy, Riverside County Sherriff's Department; REDD, Deputy, Riverside County Sherriff's Department, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

California state prisoner Thomas Arthur Gandara appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the authority of a magistrate judge. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015). We affirm.

In his opening brief, Gandara failed to raise, and therefore has waived, any challenge to the district court's dismissal of his action. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The magistrate judge acted within her authority in dismissing Gandara's complaint with leave to amend and later issuing a report and recommendation to the district judge recommending dismissal of the action. *See* 28 U.S.C. § 636(b)(1); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("[D]ismissal of a complaint with leave to amend is a non-dispositive matter" and "a magistrate

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

22-55214

can . . . dismiss a complaint with leave to amend without approval by the court.");
*see also Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003)
("[T]he magistrate judge's jurisdiction over any pretrial nondispositive matters,
including magistrate-recommended dispositions, is not contingent on litigant
consent[.]" (emphasis omitted)).

Contrary to Gandara's contention, the district judge was not required to
conduct an initial review of his complaint. *See* 28 U.S.C. § 636(b)(1)(B) ("[A]
judge may also designate a magistrate judge to . . . submit to a judge of the court
proposed findings of fact and recommendations for the disposition"); *id.*
§ 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in
part, the findings or recommendations made by the magistrate judge.").

**AFFIRMED.**