NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSHUA DAVID GIDDINGS,

Petitioner-Appellant,

v.

AUSTIN KNUDSEN; JIM SALMONSEN,

Respondents-Appellees.

No.   21-35953

D.C. No. 6:16-cv-00026-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted May 11, 2023[**]
Seattle, Washington

Before:  TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Joshua David Giddings brings a habeas petition challenging his 2007

Montana state conviction for the deliberate homicide that took the life of Amy

Rolfe, tampering with or fabricating physical evidence, and criminal possession of

a dangerous drug (methamphetamine).  Giddings raises three certified issues on

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

appeal. First, that his due process right to be present during three pretrial hearings was violated. Second, that the district court erred in rejecting Giddings's *Brady* claim. And third, that the district court erred in concluding that Giddings's claim concerning the state court's interpretation of Rule 404(b) of the Montana Rules of Evidence is not a cognizable claim under federal habeas review. Giddings also raises two uncertified issues on appeal. As the parties are familiar with the facts of this case, we do not repeat them here. Because Giddings's claims are either procedurally defaulted, unexhausted, waived, barred under 28 U.S.C. § 2253, or the district court did not err in its analysis, we affirm.

We review a denial of a petition for writ of habeas corpus de novo. *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). "Factual findings and credibility determinations made by the district court in the context of granting or denying [a petition for writ of habeas corpus] are reviewed for clear error." *Id*. (alteration in original) (citing *Larsen v. Soto*, 742 F.3d 1083, 1091–92 (9th Cir. 2013)).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may not grant habeas relief unless the state court's adjudication of the merits of a federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

1. Giddings first argues that his right to be present during a critical stage of his trial was violated when three pretrial hearings were held in his absence. "[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)). Additionally, "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Id*. Additionally, "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (citation omitted).

Here, Giddings (1) procedurally defaulted and failed to exhaust by not raising the due process claims in his state post-conviction petition, and (2) waived a challenge to preserve on this appeal his due process violation claims by failing to object to the magistrate judge's report and recommendation on these claims. Therefore, he has waived any right to challenge the factual findings the federal district court made about his presence at those three hearings—namely that he failed to establish he was not present at the November and December 2006 hearings.

2. Next, Giddings argues that Detective Mark Ekola destroyed exculpatory evidence in violation of *Brady v. Maryland* when he either shredded or threw away

3

his handwritten interview notes after memorializing them in his typed police reports and failed to record the entirety of three of his four interviews with witness Richard Alan King.

"There is no dispute that *Brady* constitutes clearly established federal law for purposes of AEDPA." *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). To demonstrate that the state court erred, Giddings had to "show either that 'the state court applie[d] a rule that contradicts the governing law set forth in [*Brady*]' . . . or that the state court's application of *Brady* was 'objectively unreasonable.'" *Id*. (first citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000); and then citing *White v. Woodall*, 572 U.S. 415, 419 (2014)).

Giddings provides nothing more than his personal beliefs and conclusory statements that the notes or the unrecorded interviews may have been exculpatory. The magistrate judge and the district court properly concluded that "the Montana Supreme Court's adjudication of this issue did not constitute an unreasonable application of *Brady* . . . or otherwise present an unreasonable determination of facts."

3. Finally, Giddings argues that the Montana state court violated his right to present a defense by limiting his cross-examination of King at trial by excluding certain evidence under Rule 404(b) of the Montana Rules of Evidence.

Federal habeas relief "does not lie for errors of state law." *Estelle v.*

4

*McGuire*, 502 U.S. 62, 67 (1991) (internal citation omitted). "It is well settled that a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process." *Demetrulias v. Davis*, 14 F.4th 898, 907 (9th Cir. 2021).

The magistrate judge and the district court both properly rejected this claim because federal habeas relief cannot stem from an alleged error in interpreting state law. Giddings presented no evidence that the proceedings below were so fundamentally unfair as to constitute a federal due process violation. The evidence the trial court kept out was propensity evidence that is not allowed under Mont. R. Evid. 404(b). The state trial court did allow Giddings to introduce evidence of King's prior conviction for deceptive practices, drug use, and bad feelings towards Amy's boyfriend Mike Mix. Moreover, Giddings fails to show that the state court's denial of this claim "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts," as required by 28 U.S.C. § 2254(d).

4. Finally, Giddings is barred from raising his two uncertified questions on appeal. The text of 28 U.S.C. § 2253 unequivocally states that "unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken in the court of appeals." We deny the request to expand the certificate of appealability regarding the uncertified issues because a reasonable jurist would not

5

"find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation omitted); *see also* Ninth Cir. Ct. R. 22-1(e); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005).

**AFFIRMED**.