NOT FOR PUBLICATION

FILED

JAN 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIRK DUNNING, | No. 24-803 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-1938 |
| v. | |
| CAROLYN W. COLVIN*, Acting Commissioner of Social Security, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Presiding

Submitted January 16, 2025***
San Francisco, California

---

\* Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

\** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before:  H.A. THOMAS, MENDOZA, Circuit Judges, and BOLTON, District Judge.[****]

Dirk Dunning appeals the district court's judgment affirming the Commissioner of Social Security's denial of his application for disability insurance benefits under the Social Security Act.  On appeal, Dunning argues the ALJ improperly discredited (1) certain medical opinions, (2) his testimony, and (3) lay witness statements.  We have jurisdiction under 28 U.S.C. § 1291.  "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks and citation omitted).  Substantial evidence is "more than a mere scintilla.  It means—and means only— such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up).  We affirm.

1.      To the extent that Dunning argues that the ALJ improperly discounted the medical opinions of Dr. Pedersen and Dr. Baer, he failed to raise these arguments before the district court and these arguments are therefore forfeited. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (explaining that

---

[****]      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

ordinarily "a party who does not complain of an issue in the district court forfeits his right to review of that issue on appeal").

Even if we considered these arguments, the ALJ provided specific reasons for discounting their testimony. The ALJ determines the persuasiveness of medical opinions. *See* 20 C.F.R. § 404.1520c(a). The most important factors when evaluating persuasiveness of medical opinions are supportability and consistency. *Id.* The ALJ found that part of Dr. Pedersen's opinion was not persuasive because certain opinions, specifically those related to LED light sensitivity, were not supported by objective evidence and were inconsistent with other evidence in the record. The ALJ also found that Dr. Baer's opinion was vague and therefore only somewhat persuasive. These determinations are supported by substantial evidence.

Substantial evidence also supports the ALJ's conclusion that Dr. Blattner's medical opinion was mostly persuasive. The ALJ discounted Dr. Blattner's testimony that Dunning could only stand for ten to fifteen minutes because this opinion was inconsistent with other evidence. For example, Dunning said he could walk for one to two miles at a time and occasionally volunteers at political gatherings where he stands and hold signs. In addition, the ALJ found that the opinion was not supported by objective medical evidence, as Dr. Blattner performed no actual testing and appeared to base his opinions solely on Dunning's subjective complaints.

3

2.    The ALJ provided specific reasons for discounting Dunning's testimony. The ALJ considers "all of the available evidence" when "evaluating the intensity and persistence of [the alleged] symptoms," including whether the "pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence." 20 C.F.R. § 404.1529(a). Here, the ALJ discounted Dunning's testimony regarding the extent of his pain and symptoms because he continues to engage in a wide range of daily activities, his uveitis episodes responded well to topical steroids, and he was not currently taking any medications.

3.    Lastly, the ALJ did not err by discounting the lay witness statements describing Dunning's LED sensitivity. The ALJ concluded that the lay witness testimony was contradicted by other evidence—namely that Dunning continued to work from December 2016 to July 2017 and participated in many daily activities— and noted that the testimony "appear[ed] to be based on [Dunning's] subjective complaints rather than on objective medical evidence."

**AFFIRMED.**