**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC ANTHONY ALSTON, Jr., | No.    21-15325 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02420-TLN-CKD |
| v. | |
| COUNTY OF SACRAMENTO; SCOTT JONES, Sheriff; ERIC BUEHLER, Captain; CONNOR MILLIGAN, Sgt., #229; JESSE INIGUEZ, Deputy #91; EMILY BALL, Deputy, #823; MADRIAGO, Deputy, #1337; TRUMMEL, Deputy; RIVIERA, Deputy; KEN LLOYD, Deputy, #833, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 3, 2023**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Eric Anthony Alston, Jr. appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims against the County of Sacramento (the "County") and several of its Sheriff's deputies and correctional officials.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo dismissal under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and the grant of summary judgment, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013).  We affirm in part, reverse in part, and remand.

1.  The district court properly dismissed Alston's equal protection claim against Defendant Emily Ball because Alston "fail[ed] to plead sufficient facts to raise a plausible inference that [Ball] acted with a 'discriminatory intent' *based on [Alston's] sex*."  *Shooter v. Arizona*, 4 F.4th 955, 960 (9th Cir. 2021) (citation omitted, emphasis in the original).

2.  The district court properly dismissed Alston's procedural due process claim against Ball because Alston's allegation that Ball took his wrist brace at the County jail and failed to return it "does not constitute a violation of the procedural requirements" of the Fourteenth Amendment's Due Process Clause where, as here, "a meaningful postdeprivation remedy for the loss [was] available."  *Hudson v.*

2

*Palmer*, 468 U.S. 517, 533 (1984); *see also* Cal. Penal Code § 2656 (outlining procedures by which a prisoner can petition the county superior court to have an orthopedic appliance returned).

3.  The district court properly dismissed Alston's procedural due process claim against Defendant Connor Milligan because Alston failed to plead sufficiently to establish that Milligan was responsible for denying him access to the phone for the three-hour period after his booking.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

4.  The district court properly dismissed Alston's claim against the County under *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978), because Alston at most identified "isolated or sporadic incidents" of unconstitutional conduct, but he did not plausibly allege "practices of sufficient duration, frequency and consistency" to suggest that such "conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

5.  The district court erred in dismissing Alston's Fourth Amendment excessive force, Bane Act, and state law battery and negligence claims against Defendant Riviera because Alston plausibly alleged a sufficiently severe Fourth

3

Amendment intrusion when the complaint stated that Riviera ordered two officers to forcibly throw Alston from his wheelchair. *See Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) (elements of an excessive force claim). Alston also plausibly alleged the "specific intent" element of a Bane Act claim and the "injury" elements of battery and negligence claims. *Reese v. County of Sacramento*, 888 F.3d 1030, 1044–45 (9th Cir. 2018) (elements of a Bane Act claim); *Beacon Residential Cmty. Ass'n v. Skidmore, Owings & Merrill LLP*, 327 P.3d 850, 853 (Cal. 2014) (elements of a negligence claim); *Brown v. Ransweiler*, 89 Cal. Rptr. 3d 801, 811 (Ct. App. 2009) (elements of a battery claim). Therefore, the district court's decisions on Alston's excessive force, Bane Act, battery, and negligence claims against Riviera are reversed and remanded for further proceedings.

6. The district court properly dismissed Alston's Bane Act claim against Defendant Trummel because Trummel's alleged threats to put Alston in the patrol car "by force or any means necessary" do not constitute excessive force, *see Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (holding a mere naked threat does not constitute a constitutional wrong), nor does his alleged "swing," particularly where Alston does not allege that Trummel ever made any physical contact or caused any injury, *see Felarca v. Birgeneau*, 891 F.3d 809, 817 (9th Cir. 2018). Having failed to allege an underlying constitutional violation by Trummel, Alston did not state a

claim under the Bane Act. *See Williamson v. City of National City*, 23 F.4th 1146, 1155 (9th Cir. 2022).

7. The district court properly dismissed Alston's Fourteenth Amendment claim against Ball, Milligan, and Riviera based on their alleged indifference to a serious medical need because Alston's alleged need for a wrist brace and knee brace does not rise to the level of a "'serious medical need,' such that a 'failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022) (citation omitted). Similarly, the district court properly dismissed Alston's negligence claim against Milligan predicated on the same conduct: even assuming that Milligan owed Alston a duty of care, Alston's alleged injuries (concussion and permanent nerve damage) were not a foreseeable result of Milligan's refusal to let Alston call his mother so she could bring him his knee brace, and Milligan is statutorily immune from liability under Government Code § 845.6. *See Lawson v. Superior Court*, 103 Cal. Rptr. 3d 834, 844–45 (Ct. App. 2010).

8. The district court properly dismissed Alston's Americans with Disabilities Act ("ADA") claim against the County. Even assuming that Alston suffers from a "disability" for purposes of the ADA, Alston did not identify any

particular "service[], program[], or activit[y]" from which he was excluded during his overnight stay in the County jail, *Cohen v. City of Culver City*, 754 F.3d 690, 694 (9th Cir. 2014) (quoting 42 U.S.C. § 12132), nor did he "show how the accommodations offered by [the County jail]," in this case a wheelchair, "were not reasonable," *Memmer v. Marin Cnty. Courts*, 169 F.3d 630, 634 (9th Cir. 1999).

9. The district court properly dismissed Alson's Unruh Act claim against Ball and Madriago. "The Unruh Act only applies to 'business establishments' that are 'generally open to the public,'" *Smith v. BP Lubricants USA Inc.*, 278 Cal. Rptr. 3d 587, 596 (Ct. App. 2021) (citation omitted), and therefore does not extend to alleged discrimination in either a police patrol car or a County jail.

10. The district court erred in dismissing Alston's negligence claim against Ball, Madriago, and the County. Having arrested Alston while he was "dependent, subject to the[ir] control[,] . . . and unable to attend to his . . . own medical needs," Ball and Madriago were in a special relationship with Alston and "owe[d] [him] a duty of reasonable care[.]" *Frausto v. Dep't of Cal. Highway Patrol*, 267 Cal. Rptr. 3d 889, 906 (Ct. App. 2020). Alston plausibly alleged that by failing to fasten his seatbelt in the patrol car, Ball and Madriago breached their duty of care, and that this breach "was a substantial factor in bringing about the harm" that resulted when Ball repeatedly braked hard en route to the hospital. *Id.* at 909.

6

Because "[p]ublic entities are correspondingly liable for the negligent acts or omissions of their employees acting within the scope of their employment[,]" *id.* at 903 (citing Cal. Gov. Code § 815.2), and neither Ball nor Madriago are statutorily immunized for the alleged conduct, Alston also stated a claim for negligence against the County. Therefore, the district court's decision on Alston's negligence claim against Ball, Madriago, and the County is reversed and remanded for further proceedings.

11. The district court properly granted summary judgment on Alston's excessive force, Bane Act, and battery claims because the video evidence submitted in support of Lloyd's motion "blatantly contradicted" Alston's allegation of Lloyd's use of force such that "no reasonable jury could believe it." *Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022) (internal quotation marks and citation omitted). *See Thompson*, 885 F.3d at 586 (elements of an excessive force claim*); see also Reese*, 888 F.3d at 1044 ("[T]he elements of the excessive force claim under [the Bane Act] are the same as under § 1983[.]" (quoting *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014))); *Saman v. Robbins*, 173 F.3d 1150, 1157 n.6 (9th Cir. 1999) ("A prima facie case for battery is not established under California law unless the plaintiff proves that an officer used unreasonable force against him to make a lawful arrest or detention.").

7

12. The district court did not abuse its discretion by denying either of Alston's motions to amend because Alston failed to object to the magistrate's order recommending denying Alston's first motion to amend and Alston did not demonstrate that he had been diligent in seeking his second motion to amend. *See Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) ("[W]e have held that 'a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.'" (quoting *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) (emphasis removed)); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (standard of review); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting that the good cause standard required to amend a pleading after the pretrial scheduling order's deadline "primarily considers the diligence of the party seeking the amendment").

13. The district court did not abuse its discretion by merely warning Alston that his inappropriate, obstreperous conduct during depositions could result in the imposition of sanctions. Nor did it abuse its discretion in denying Alston's motion for recusal, which merely complained of adverse rulings by the magistrate judge. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (requirements for recusal).

14. We reject as meritless Alston's "Motion for Judicial Estoppel and

Judicial Notice" (Docket Entry No. 11).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**.